Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JOSÉ FRANCISCO GONZÁLEZ RODRÍGUEZ<br><br>Recurrido<br><br>v.<br><br>**MUNICIPIO AUTÓNOMO DE SAN JUAN**; ESTADO LIBRE ASOCIADO DE PR; DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS (DTOP) Y OTROS<br><br>Peticionario | TA2026CE00547 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm. SJ2022CV08997<br><br>Sobre:<br>Acción confesoria o denegatoria de servidumbre |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece el Municipio Autónomo de San Juan ("Municipio" o "peticionario") mediante el recurso de *certiorari* de epígrafe. Nos solicita que revisemos la *Resolución* dictada y notificada el **22 de abril de 2026**, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En esta, el aludido foro declaró *No Ha Lugar* la moción de desestimación presentada por el Municipio, y autorizó la enmienda a la demanda (Cuarta Enmienda a la Demanda).

Examinada la totalidad del expediente, ***denegamos*** el presente recurso de *certiorari. Veamos.*

**-I-**

El **29 de octubre de 2019**, el Sr. José Francisco González Rodríguez ("señor González Rodríguez" o "recurrido") presentó una demanda, contra el Municipio, bajo el caso *SJ2019CV11391.*[1]

---

[1] Entrada Núm. 1 del caso SJ2019CV11391 en SUMAC.

Reclamó que, debido a una construcción de un carril de la Autoridad Metropolitana de Autobuses ("AMA"), quedó sin acceso permanente a una propiedad de la que alegó ser el dueño. Señaló, además, que llevaba desde 1987 reclamando que su propiedad quedó enclavada.[2]

Esta demanda fue enmendada el **24 de mayo de 2021**, para incluir al Estado Libre Asociado de Puerto Rico ("ELA") y al Departamento de Transportación y Obras Públicas ("DTOP").[3] Sin embargo, el emplazamiento de estos se expidió el **3 de febrero de 2022**, casi un año (1) después de solicitar la enmienda.[4] Debido al incumplimiento del señor González Rodríguez con el proceso de emplazamiento y las órdenes del Tribunal, el foro de instancia desestimó el caso *SJ2019CV11391* el **17 de agosto de 2022**.[5]

Posteriormente y bajo las mismas alegaciones del caso *SJ2019CV11391*, el señor González Rodríguez radicó el **13 de octubre de 2022**, una acción contra el Municipio, el ELA y el DTOP bajo el caso *SJ2022CV08997*.[6] Alegó que la construcción de un carril de la AMA limitaba el acceso a un solar ubicado en el número 356, San Agustín, Pda. 6 ½ *Puerta de Tierra San Juan Puerto Rico*.[7] Bajo esta causa de acción, adujo que era el dueño de dicho solar, y que el mismo quedó enclavado por la referida construcción.

Sostuvo, además, que durante el proceso de inspección para comenzar la construcción del carril de la AMA, el Municipio se percató que la propiedad utilizaba la vía de tren como modo de acceso al solar en controversia. Señaló que para no afectar la construcción del carril, el Municipio le expresó que encontraría la forma de resolver la situación de falta de acceso a su solar. Anejo a la demanda una carta que le envío el Municipio el 6 de marzo de

---

[2] Entrada Núm. 1 del caso SJ2019CV11391 en SUMAC.
[3] Entrada Núm. 22 del caso SJ2019CV11391 en SUMAC.
[4] Entrada Núm. 36 del caso SJ2019CV11391 en SUMAC.
[5] Mediante *Sentencia* emitida el 17 de agosto de 2022 y notificada el 18 de agosto de 2022. Entrada Núm. 40 del caso SJ2019CV11391 en SUMAC.
[6] Entrada Núm. 1 del caso SJ2022CV08997 en SUMAC.
[7] Entrada Núm. 1 del caso SJ2022CV08997 en SUMAC.

1990,[8] en la cual explicaba el resultado de una reunión habida entre varios funcionarios involucrados en la construcción y el recurrido.[9] Dicha carta esbozaba que habían llegado a dos (2) acuerdos, en uno de ellos se propuso que se expropiaría dos (2) establecimientos cercanos al solar en controversia, para dar acceso vehicular por la Calle San Agustín.

Por su parte, el ELA en representación del DTOP, presentó una "*Moción de Desestimación*" el **16 de marzo de 2023**.[10] Señaló que las alegaciones del recurrido giraban en torno al Municipio únicamente, y anejó una carta suscrita por el DTOP certificando que la Calle de la vía del tren y la Calle San Agustín no formaban parte de la red vial de carreteras estatales de Puerto Rico.

El **8 de junio de 2023**, el señor González Rodríguez presentó una solicitud de enmienda a la demanda para incluir a la AMA como parte demandada.[11] Alegó en su demanda enmendada que la AMA tenía uso exclusivo del carril, y que cualquier determinación del TPI podría afectar el uso. Reiteró que era el dueño de la propiedad, y que era deber del Municipio y de DTOP brindarle un acceso permanente a su propiedad.

Tras errores con el número de caso en los documentos de emplazamiento, el **17 de octubre de 2023**, el TPI ordenó a Secretaría a expedir el emplazamiento dirigido a la AMA.[12] El **2 de noviembre de 2023**, Secretaría expidió el emplazamiento y el señor González Rodríguez emplazó a dicha parte el **14 de diciembre de 2023**.[13]

---

[8] Véase, Anejo intitulado *Carta 6 de Marzo de 1990* de la Entrada Núm. 1 del caso SJ2022CV08997 en SUMAC.
[9] Véase, Anejo 1 de la Entrada Núm. 1 del caso SJ2022CV08997 en SUMAC.
[10] Véase, Anejo 1 de la Entrada Núm. 20 del caso SJ2022CV08997 en SUMAC.
[11] Véase, Entrada Núm. 29 del caso SJ2022CV8997 en SUMAC. Cabe señalar que aun cuando el recurrido identificó la enmienda a la demanda como *Tercera Demanda Enmendada*, esta fue la primera enmienda realizada a la demanda.
[12] Mediante *Orden* emitida el 17 de octubre de 2023 y notificada el 19 de octubre de 2023. Entrada Núm. 43 del caso SJ2022CV08997 en SUMAC.
[13] Véase, Anejo de la Entrada Núm. 46 del caso SJ2022CV08997 en SUMAC.

A solicitud del recurrido,[14] el **5 de agosto de 2024**, el TPI le anotó la rebeldía a la AMA debido al incumplimiento con el término para contestar la demanda.[15] Sin embargo, la AMA presentó el **6 de septiembre de 2024**, una moción explicando la razón de su incumplimiento, y solicitando que se dejara sin efecto la anotación de rebeldía en su contra. Posteriormente, el foro de instancia dejó sin efecto dicha anotación de rebeldía y concedió plazo para presentar alegación responsiva.[16]

El **23 de diciembre de 2024**, por sí y en representación de DTOP, el ELA presentó una "*Moción de Desestimación*".[17] Planteó que, al revisar las alegaciones de la demanda enmendada, nuevamente todas giraban únicamente en torno al Municipio. También, expuso que el señor González Rodríguez indicó tener un alegado permiso por parte del DTOP para transitar en la vía,[18] y que, aun así exige que se le de acceso al solar en controversia. La agencia indicó que el recurrido no había agotado los remedios administrativos de la agencia para obtener dicho acceso.

El señor González Rodríguez se opuso a la moción presentada,[19] y anejó una carta del DTOP con fecha del 18 de octubre de 1990, en la que se le autorizó la utilización del carril para que el señor González Rodríguez tuviera acceso al solar.[20]

Mediante *Resolución* emitida y notificada el **11 de marzo de 2025**, el TPI declaró *No Ha Lugar* a la moción de desestimación presentada por el DTOP.[21]

---

[14] Entrada Núm. 46 del caso SJ2022CV08997 en SUMAC.
[15] Mediante *Orden* emitida el 4 de agosto de 2024 y notificada el 5 de agosto de 2024. Entrada Núm. 47 del caso SJ2022CV08997 en SUMAC.
[16] Mediante *Orden* emitida y notificada el 18 de noviembre de 2024. Entrada Núm. 57 del caso SJ2022CV08997 en SUMAC.
[17] Entrada Núm. 59 del caso SJ2022CV08997 en SUMAC.
[18] Véase, Carta del 18 de octubre de 1990 dirigida al Lcdo. Ismael Betancourt (Superintendente de la PPR) por parte del DTOP. Anejo de la Entrada Núm. 62 del caso SJ2022CV08997 en SUMAC.
[19] Entrada Núm. 62 del caso SJ2022CV08997 en SUMAC.
[20] Véase, Anejo de la Entrada Núm. 62 del caso SJ2022CV08997 en SUMAC.
[21] Entrada Núm. 67 del caso SJ2022CV08997 en SUMAC.

Por su parte, el Municipio presentó una "*Moción de Desestimación por Falta de Legitimación Activa*" el **20 de febrero de 2026**.[22] Alegó que, durante el procedimiento de descubrimiento de prueba, el recurrido mencionó que González Metal Manufacturing Corp., era el dueño registral del solar en controversia. Sin embargo, el recurrido no demostró ser el poseedor o titular de esta corporación. El Municipio añadió que en el interrogatorio, el señor González Rodríguez aclaró que la corporación que operaba en la actualidad era Sansón Multiple Services Corp., y que no operaba negocios en el solar desde el 2020.[23]

Anejó dos (2) documentos, en el primero, su contestación interrogatorio, el señor González Rodríguez identificó como el dueño registral del solar en controversia a González Metal Manufacturing, Corp.,[24] y el segundo, una certificación del Centro de Recaudación de Ingresos Municipales ("CRIM") en la que se evidencia que González Metal Manufacturing Corp., era el dueño del solar.[25]

En respuesta, el señor González Rodríguez presentó el **16 de marzo de 2026**, una "*Oposición a Solicitud de Desestimación del Municipio de San Juan*".[26] Planteó que las alegaciones de legitimación activa por parte del Municipio eran incorrectas, ya que González Metal Manufacturing, Corp. era el dueño del solar, y que él era el presidente y único accionista de dicha corporación.

---

[22] Entrada Núm. 96 del caso SJ2022CV08997 en SUMAC.

Cabe mencionar que el Municipio presentó previamente múltiples solicitudes de desestimación y el recurrido se opuso a ellas. Véase (1) "*Moción de Desestimación*" en la Entrada Núm. 7; (2) "*Moción de Desestimación por Falta de Partes Indispensables*" en la Entrada Núm. 8; (3) "*Moción de Desestimación de la Demanda Enmendada*" en la Entrada Núm. 63. Por su parte, el recurrido se opuso a las solicitudes, véase (1) "*Réplica a Solicitud de Desestimación*" en la Entrada Núm. 14; (2) "*Réplica a Solicitud de Desestimación*" en la Entrada Núm. 66. El TPI declaró, mediante una *Resolución Interlocutoria, No Ha Lugar* a la moción de desestimación. Véase, Entrada Núm. 68 del caso SJ2022CV08997 en SUMAC.

[23] Véase, Anejo A de la Entrada Núm. 96 del caso SJ2022CV08997 en SUMAC.

[24] Véase, Anejo A de la Entrada Núm. 96 del caso SJ2022CV08997 en SUMAC.

[25] Véase, Anejo B de la Entrada Núm. 96 del caso SJ2022CV08997 en SUMAC. Dicha certificación del CRIM fue solicitada por el Municipio, como parte del descubrimiento de prueba y facilitada por el señor González Rodríguez.

[26] Entrada Núm. 100 del caso SJ2022CV08997 en SUMAC.

Ante ello, el recurrido presentó **en la misma fecha**, una *"Solicitud Cuarta Enmienda a Demanda"* y *"Cuarta Demanda Enmendada"* para hacer constar que la propiedad enclavada pertenecía a González Metal Manufacturing, Corp.[27]

El **30 de marzo de 2026**, el Municipio presentó una *"Moción en Oposición a Enmienda a la Demanda"*.[28] Argumentó que el señor González Rodríguez no presentó la información sobre el titular del solar en controversia hasta que el Municipio levantó el problema. Igualmente, señaló que realizó una búsqueda en el Registro de Corporaciones y no encontró la corporación que el recurrido identificaba como dueño del solar. Solamente encontraron una corporación, con nombre similar (*González Metal MFG, Corp.*), que fue cancelada en el 2014.[29] Expuso, además, que la enmienda a la demanda obligaría a reabrir el descubrimiento de prueba y otras etapas procesales. Adujo que ello, le causaría un perjuicio sustancial al mismo.

El **22 de abril de 2026**, el TPI emitió y notificó una *Resolución* declarando *No Ha Lugar* la moción de desestimación que presentó el Municipio, y permitió la enmienda a la demanda, así como requirió presentar la demanda enmendada en una entrada independiente.[30]

Ante la determinación del TPI, el **4 de mayo de 2026**, el Municipio recurrió ante este Tribunal Apelativo mediante un *"Certiorari"*[31] y una *"Urgente Moción en Auxilio de Jurisdicción"*.[32] El peticionario alegó la comisión del siguiente error:

1. Erró el TPI al permitir la Cuarta Demanda Enmendada pese a que: (1) habían transcurrido más de tres (3) años desde la presentación de la demanda original; (2) el demandante no justificó su dilación; y (3) la enmienda requeriría reabrir el descubrimiento de prueba, causando perjuicio indebido al Municipio.

---

[27] Véase, *Cuarta Demanda Enmendada* y *Solicitud Enmienda* en Anejos de la Entrada Núm. 100 del caso SJ2022CV08997 en SUMAC. Además, véase la Entrada Núm. 104 del caso SJ2022CV08997 en SUMAC.
[28] Entrada Núm. 101 del caso SJ2022CV08997 en SUMAC.
[29] Véase, Anejo 1 de la Entrada Núm. 101 del caso SJ2022CV08997 en SUMAC.
[30] Entrada Núm.102 del caso SJ2022CV08997 en SUMAC.
[31] Entradas Núm. 1 y 3 del caso TA2026CE00547 en SUMACTA.
[32] Entrada Núm. 2 del caso TA2026CE00547 en SUMACTA.

El **5 de mayo de 2026**,[33] este Tribunal de Apelaciones declaró *No Ha Lugar* la solicitud de auxilio de jurisdicción, y le concedió al recurrido un término de diez (10) días para mostrar causa por la cual no debíamos expedir el recurso solicitado.[34]

En oposición, el **12 de mayo de 2026**, la parte recurrida presentó un escrito intitulado *Oposición a Certiorari.*[35] Expuso que el TPI no cometió el error señalado, y reclamó que quedó sin acceso permanente a la propiedad desde la construcción del carril en 1987.

Ante ello, el **13 de mayo de 2026**, este Foro Apelativo dio por perfeccionado recurso para la consideración del panel.[36]

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[37] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[38]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> [E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de certiorari en**

---

[33] Hacemos constar que la *Resolución* fechada el *5 de mayo de 2025* notificada el 5 de mayo de 2026, debió leer 5 de mayo de 2026, fecha correcta en la que fue emitida. Entrada Núm. 4 del caso TA2026CE00547 en SUMACTA.

[34] Entrada Núm. 4 del caso TA2026CE00547 en SUMACTA.

[35] Entrada Núm. 6 del caso TA2026CE00547 en SUMACTA.

[36] Mediante *Resolución* emitida y notificada el 13 de mayo de 2026. Entrada Núm. 7 del caso TA2026CE00547 en SUMACTA.

[37] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[38] *García v. Asociación,* 165 DPR 311, 321 (2005).

**estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. […].[39]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[40]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> [d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.[41]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[42]

**-III-**

En síntesis, el Municipio nos señala que el TPI erró al permitir la cuarta enmienda a la demanda, ya que habían transcurrido más de tres (3) años desde la radicación de la demanda original, y sin

---

[39] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*
[40] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 63, 216 DPR __ (2025).
[41] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[42] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

justificación para la demora sobre quién era el dueño del solar en controversia. Añade que la enmienda permitida requeriría abrir procedimientos preliminares que le causarían perjuicios indebidos al peticionario.

Un examen de la *Resolución* recurrida nos lleva a determinar que se trata de una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de decidir los casos de la manera que entiendan razonable. Es decir, no concurren las **excepciones** de la Regla 52.1 de Procedimiento Civil, *supra*, ni los **criterios** establecidos en la citada Regla 40 del Reglamento del Tribunal de Apelaciones que nos permitan intervenir con la decisión tomada por el TPI.

A tono con lo antes expuesto, resolvemos que no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, no intervendremos con la determinación recurrida.

**-IV-**

Por los fundamentos antes expuestos, ***denegamos*** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones